812 F.2d 1407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce Thomas KELLOGG, Plaintiff-Appellant,
v.
MARION CORRECTIONAL INSTITUTION, et al., Defendants-Appellees.
 No. 86-3792.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1987.
 
 1
 Before ENGEL and BOGGS, Circuit Judges, and HILLMAN, District Judge.*
 
 ORDER
 
 2
 The plaintiff moves for counsel on appeal from the district court's order granting summary judgment to the defendants in this prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff was a prisoner at the Marion Correctional Institution in Marion, Ohio. The defendants included an inspector at the prison and the chief inspector at the prison. The plaintiff alleged that after he underwent minor surgery, the prison officials failed to give him his prescribed antibiotic medicine during the period from May 15, 1982, to June 2, 1982. The plaintiff was seen by the doctor twice during this period, and he did eventually receive his medicine. The district court granted summary judgment to the defendants, holding that the plaintiff failed to state a valid eighth amendment claim.
 
 
 4
 A violation of the eighth amendment only occurs when prison officials are deliberately indifferent to a serious medical need of a prisoner. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Mere negligence is not enough. Id. See also Daniels v. Williams, --- U.S. ----, 106 S.Ct. 662, 665-66 (1986) (mere negligence does not state a fourteenth amendment due process violation). In the present case, a doctor saw the plaintiff on two occasions after his surgery. There was no deliberate indifference to the plaintiff's medical needs. At best, there was only negligence in failing to give promptly the prescribed medicine to the plaintiff. Because there was no unnecessary and wanton infliction of pain in this case, there was no eighth amendment violation. The district court was correct to grant summary judgment to the defendants.
 
 
 5
 The motion for counsel is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Douglas W. Hillman, Chief Judge, U.S. District Court for the Western District of Michigan, sitting by designation